MARIANA LLAVAT CRISTY, demandante y recurrida, *v.* EFRAÍN PÉREZ PÉREZ, demandado y recurrente.

*Número:* R-84-66    *Resuelto:* 11 de abril de 1984

*Héctor A. Rodríguez Figueroa,* abogado de la parte recurrente; *Héctor Cruz Ramírez,* abogado de la parte recurrida.

PER CURIAM: Los demandantes cedieron en arrendamiento en 1964 al señor Pérez, un local comercial por el canon de arrendamiento de cien dólares mensuales. El contrato no prohibía el subarriendo de la propiedad. Tras unos años, el arrendatario subarrendó el local por el mismo canon. Los arrendadores no objetaron tal acto por largo tiempo, hasta la presentación en 1981 de demanda de desahucio contra el señor Pérez por razón del subarriendo alegadamente no autorizado.

El Tribunal Superior decretó el desahucio por la referida causal y por interesar de buena fe los arrendadores retirar la propiedad del mercado de alquileres. Resolvemos en virtud de la Regla 50 de nuestro Reglamento.

La causal de desahucio por subarriendo no autorizado no es invocable en este caso. Las circunstancias demuestran que los arrendadores accedieron implícitamente al subarriendo. Además, el Art. 1440 de nuestro Código Civil, 31 L.P.R.A. sec. 4035, permite el subarrendamiento cuando, como en este caso, no existe prohibición expresa. El Art. 12-A de la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 193(2A) dispone:

> Por haber el inquilino subarrendado o cedido el uso de la propiedad arrendada, en todo o en parte, sin la autorización escrita del arrendador cuando esta acción constituya una violación al contrato escrito entre las partes. Disponiéndose, que en aquellos casos donde no exista contrato escrito esta causal será igualmente aplicable, excepto que, a solicitud del inquilino, cuando sea motivo de gran necesidad para éste subarrendar o ceder el uso de la propiedad por él arrendada, el

Administrador, luego de determinar los hechos podrá otorgar, si lo cree justificado, la autorización correspondiente.

Aquí hubo contrato escrito, sin prohibición de subarriendo, por lo que no cabe la causal. Aun de no haber habido contrato escrito, la prohibición tiene que ser pactada, lo que tampoco se probó aquí. No es razonable concluir que, a pesar de que es posible subarrendar en ausencia de prohibición expresa bajo el Código Civil en todo caso y en los contratos escritos bajo el Art. 12-A, los contratos no escritos sin prohibición de subarriendo exigen un tratamiento distinto. El "[d]isponiéndose" del Art. 12-A se aplica claramente a contratos no escritos en que se haya pactado prohibir el subarriendo. Se decretó indebidamente el desahucio en este caso por la causal de subarriendo sin autorización.

En lo que respecta a la causal de buena fe, la declaración del tribunal fue oficiosa. Los arrendadores no invocaron esta causal.

Por las razones expuestas, *se expide el auto y se revoca la sentencia recurrida, sin perjuicio de que los arrendadores puedan reinstar acción de desahucio por causal o causales procedentes.*

El Juez Asociado Señor Díaz Cruz no participó en la decisión de este caso.